# EXHIBIT B

# COMPLAINT AGAINST TRANS UNION, LLC

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

KEIKO HARADA,

       Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS, LLC, a
Delaware Corporation, TRANS
UNION LLC, a Delaware Limited
Liability Company, SOUTHWEST
CREDIT SYSTEMS, LP,

      Defendants.

NO.

PLAINTIFF'S COMPLAINT FOR
DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT,
FAIR DEBT COLLECTION PRACTICE
ACT, AND WASHINGTON STATE
CONSUMER PROTECTION ACT

COMES NOW, Plaintiff, KEIKO HARADA, by and through her attorney, Robert
Mitchell, and complains against the Defendants as follows:

## I.    STATEMENT OF THE CASE

This is an action for damages and injunctive relief to prevent further harm to Plaintiff
and to prevent Defendants' future violations of state and federal consumer protection laws.

## II.    PARTIES

2.1    Plaintiff, KEIKO HARADA, resides in the King County, Washington.

2.2    Defendant, SOUTHWEST CREDIT SYSTEMS, LP. ("SW") is a Texas Limited
Partnership, doing business in Washington State pursuant to UBI number 602 327 0008.

COMPLAINT                    1

2.3     SW holds a Washington State Collection Agency License.

2.4     SW regularly collects defaulted consumer debts originally owed to others.

2.5     The principal purpose of SW's business is the collection of defaulted, third-party accounts, which were originally owed to others.

2.6     SW attempted to collect an erroneous Comcast debt from Plaintiff, including credit reporting the erroneous account on Plaintiff's Trans Union credit report.

2.7     SW is therefore a "collection agency" and a "licensee" as defined by the WCAA, a "business" as defined by the Washington State Consumer Protection Act, RCW 19.86 et seq. ("WCPA"), a "furnisher" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, and a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and SW acted as such at all times relevant to this complaint.

2.8     Defendant, COMCAST CABLE COMMUNICATIONS, LLC ("COMCAST") is a Delaware corporation doing business in Washington State pursuant to UBI number 603-547-299.

2.9     COMCAST is engaged in the business of cable television services in all fifty states.

2.10    COMCAST is therefore a "business" and a "person" as defined by the WCPA, and acted as such at all times relevant to this complaint.

2.11    TRANS UNION LLC (hereinafter "TRANSUNION" or "Defendant"), is a Delaware limited liability company doing business in Washington, pursuant to UBI No. 601 922 824.

2.12    TRANSUNION is a Credit Reporting Agency (hereinafter "CRA"), as defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681a(f).

COMPLAINT                                    2                 Robert Mitchell, Attorney at Law
                                                               1020 N. Washington
                                                               Spokane, WA  99201
                                                               (509) 327-2224     Fax (888) 840-6003

2.13    TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(d), to third parties.

2.14    TRANSUNION disburses such consumer reports to third parties under contract and for monetary compensation.

2.15    TRANSUNION credit reported fraudulent medical debt information on Plaintiffs' consumer credit reports.

2.16    TRANSUNION's reporting is inaccurate and erroneous.

2.17    Plaintiffs are therefore "debtors" as defined by the Collection Agency Act, RCW 19.16 et seq. ("WCAA") and "consumers" as that term is contemplated by the WCPA, and Plaintiffs acted as "debtors" and as "consumers" at all times relevant to this litigation.

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in King County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in King County Washington, and where the injury to Plaintiffs or some part thereof occurred in King County Washington, and where Defendants have engaged in substantial business contacts in King County Washington, and where Defendants have already submitted to this jurisdiction by attempting to collect debts and claims in this jurisdiction.  RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185 and 15 U.S.C. §1681p.

3.2    Defendants are liable unto Plaintiff, pursuant to the provisions of the Consumer Protection Act, RCW 19.86 et seq., the Collection Agency Act, RCW 19.16 et seq., the Fair

COMPLAINT                                                  3 .

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224       Fax (888) 840-6003

1   Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act, 15 U.S.C.

2   § 1692, as well as other applicable state and federal laws.

3       3.3     COMCAST is liable unto Plaintiff pursuant to provisions of the Consumer

4   Protection Act, RCW 19.86 *et seq.,* as well as other applicable state and federal laws.

5                           **IV.    FACTS**

6       4.1     In <u>2016</u>, Plaintiff had Comcast service at an address on 23rd Avenue West, in

7   Seattle, WA.

8       4.2     Plaintiff used her Comcast account primarily for personal, family, and

9   household purposes.

10      4.3     Plaintiff is a consumer.

11      4.4     The Comcast consumer account ended in 7013.

12      4.5     In <u>September of 2016</u>, Plaintiff's apartment was rented to another individual

13  with the last name of Price.

14      4.6     Price took over the 7013 Comcast account for service at 23rd Avenue West.

15      4.7     In <u>September of 2016</u>, Plaintiff contacted Comcast and verified that the account

16  was transferred to Price.

17      4.8     Thereafter, Price received Comcast services at the apartment on 23rd Avenue

18  West, received bills from Comcast for those services, and paid Comcast for those services.

19      4.9     In <u>2016</u>, Plaintiff relocated and established a new Comcast account at her new

20  residence.

21      4.10    Plaintiff's new/current Comcast account number ends in 0257.

COMPLAINT                                    4             Robert Mitchell, Attorney at Law
                                                          1020 N. Washington
                                                          Spokane, WA  99201
                                                          (509) 327-2224     Fax (888) 840-6003

1    4.11   Plaintiff timely paid for all services received at her new residence on account

2    number 0257.

3    4.12   Years later, on or about <u>June of 2022</u>, Comcast sent the old account (7013),

4    Price's account, to collections for non-payment of a November of 2021 bill.

5

6    4.13   Comcast assigned the account to Southwest Credit Systems, LLP.

7    4.14   In <u>June of 2022</u>, Southwest Credit Systems, LLP sent Plaintiff a bill for the old

8    account.

9    4.15   Southwest Credit Systems, LLP also credit reported the old account to

10   TransUnion.

11   4.16   TransUnion began credit reporting the old account on Plaintiff's consumer

12   credit report.

13

14   4.17   Plaintiff disputed the erroneous account to TransUnion.

15   4.18   On <u>June 16, 2022</u>, Plaintiff also contacted Comcast to dispute the account.

16   4.19   On <u>June 16, 2022</u>, Comcast verified that Plaintiff was removed from the old

17   account in <u>2016</u>, and Price was the *only* responsible party.

18   4.20   On <u>June 16, 2022</u>, Comcast promised to remove Plaintiff from Price's account

19   within 24/48 hours.

20   4.21   TransUnion communicated Plaintiff's dispute to Southwest Credit Systems,

21   22   LLP.

23   4.22   TransUnion and Southwest Credit Systems, LLP both failed to conduct a

24   reasonable reinvestigation into Plaintiff's dispute.

25   COMPLAINT                          5              Robert Mitchell, Attorney at Law
26                                                     1020 N. Washington
                                                       Spokane, WA  99201
                                                       (509) 327-2224     Fax (888) 840-6003

1

4.23    On <u>June 21, 2022</u>, TransUnion responded to Plaintiff's dispute.

2

4.24    TransUnion's <u>June 21, 2022</u>, response stated: **"WE VERIFIED THAT THIS**

3

**ITEM BELONGS TO YOU…"**

4

4.25    The original creditor, Comcast admits that this account does not belong to

5

Plaintiff.

6

7

4.26    TransUnion never contacted Comcast to verify that the account actually belongs

8

to Plaintiff.

9

4.27    TransUnion simply parroted the limited electronic information provided by

10

Southwest Credit Systems, LLP.

11

4.28    Southwest Credit Systems, LLP clearly did not contact Comcast as part of

12

Southwest Credit Systems, LLP's dispute because Comcast admits that the account does not

13

14

belong to Plaintiff.

15

4.29    Southwest Credit Systems, LLP is knowingly and intentionally credit reporting

16

information that Southwest Credit Systems, LLP either knows or should know is patently false.

17

4.30    On <u>June 28, 2022</u>, Plaintiff completed an Identify Theft Claim with Comcast.

18

4.31    To this date, Southwest Credit Systems, LLP and TransUnion are still credit

19

reporting the erroneous account on Plaintiff's consumer credit report.

20

21

4.32    Defendants' actions and inactions are unfair, deceptive, intentional, willful, and

22

outrageous.

23

4.33    Defendants' unfair, deceptive, intentional, willful, and outrageous actions and

24

inactions occurred in the course of trade or commerce.

25

COMPLAINT                                          6

26

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

4.34    Defendants' unfair, deceptive, intentional, willful, and outrageous actions and inactions involve a public interest and have a public impact.

4.35    Defendants' unfair, deceptive, intentional, willful, and outrageous actions and inactions have a capacity for repetition.

4.36    Defendants' unfair, deceptive, intentional, willful, and outrageous actions and inactions injured Plaintiff.

4.37    Plaintiff had outstanding credit before Southwest Credit Systems, LLP and TransUnion began credit reporting the erroneous account on Plaintiff's credit report.

4.38    Plaintiff's credit score has decreased significantly as a direct and proximate result of Defendants' actions and inactions.

4.39    Plaintiff has suffered emotional distress, anger, frustration, anxiety, and other forms of emotional distress.

4.40    All of Plaintiff's damages and injuries are directly and proximately caused by Defendants' unfair, deceptive, intentional, willful, and outrageous actions and inactions.

## V.    **FIRST CAUSE OF ACTION**

**(Washington Collection Agency Act Violation -- *Per Se* WCPA Violation)**

**SOUTHWEST**

5.1    Plaintiff re-alleges sections I through IV, inclusive as though fully set forth herein.

5.2    RCW 19.16.100(2) states that "'Collection agency' means and includes...Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

COMPLAINT                    7

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

5.3     RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

5.4     RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter."

5.5     SW is a corporation, and therefore is a "person" for purposes of the Washington State Collection Agency Act (WCAA).

5.6     SW is a Washington-licensed Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

5.7     The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because a COMCAST bill is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

5.8     Plaintiff is a "debtor" as defined by RCW 19.16.100(11) because SW alleges that Plaintiffs owe a "claim."

5.9     It is a prohibited practice under RCW 19.16.250(15) to take action against Plaintiff that it cannot legally take.

5.10     It is prohibited to collect sums or fees not legally chargeable to the debtor. RCW 19.16.250(21).

5.11     SW violated RCW 19.16.250(15) and (21) by attempting to collect a debt that Plaintiff does not owe.

COMPLAINT                                    8                    Robert Mitchell, Attorney at Law
                                                                 1020 N. Washington
                                                                 Spokane, WA 99201
                                                                 (509) 327-2224     Fax (888) 840-6003

5.12    Washington's WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

5.13    The Collection Agency Act states that violations of RCW 19.16.250 are *per se* violations of the Washington State Consumer Protection Act. RCW 19.16.440.

5.14    Plaintiff spent time and money trying to stop SW from collecting the debt Plaintiff does not owe, missed work, suffered loss of her reputation, suffered damage to her credit report, and suffered and other economic harms and losses which are significant and ongoing.

5.15    SW's actions are a direct and proximate cause of Plaintiffs' injuries.

5.16    SW's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

5.17    SW's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors/consumers from similar harm.

## VI.    SECOND CAUSE OF ACTION
### (Consumer Protection Act Violation)
### COMCAST & SOUTHWEST

6.1    Plaintiffs re-allege sections I through V, inclusive as though fully set forth herein.

6.2    The WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

6.3    The WCPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred

COMPLAINT                                          9                Robert Mitchell, Attorney at Law
                                                                   1020 N. Washington
                                                                   Spokane, WA  99201
                                                                   (509) 327-2224     Fax (888) 840-6003

in the course of trade/commerce, the Plaintiff was damaged in her property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

6.4   Furthermore, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).

6.5   One such federal statute which Washington courts look to in determining if a particular act is unfair under the WCPA, is the Federal Trade Commission Act, after which the WCPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

6.6   In this case, attempting to collect a debt Plaintiff does not owe, pursuing the debt after Plaintiff filed a fraud report, and pursuing the account even after Comcast admitted that the account does not belong to Plaintiff, among other unfair and deceptive acts, are prohibited by the WCPA.

6.7   Defendants committed unfair acts or practices in the conduct of trade or commerce and violated the WCPA as codified in RCW 19.86, *et seq.*

6.8   Plaintiff was injured by Defendants' attempting to collect a debt Plaintiff does not owe, costing Plaintiff significant time and money, among other unfair and deceptive acts.

6.9   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

6.10   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

COMPLAINT                                   10

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

6.11    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors, consumers and citizens from similar harm.

## VII.    **THIRD CAUSE OF ACTION**
### (FAIR DEBT COLLECTION PRACTICES ACT)
### **SOUTHWEST**

7.1    Plaintiff re-alleges sections I through VI, inclusive as though fully set forth herein.

7.2    Pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

7.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

7.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

7.5    Defendant, SOUTHWEST CREDIT, L.P., is a "debt collector" as defined by the FDCPA, and Defendant attempted to collect a consumer debt from Plaintiff.

COMPLAINT                                           11                    Robert Mitchell, Attorney at Law
                                                                          1020 N. Washington
                                                                          Spokane, WA  99201
                                                                          (509) 327-2224      Fax (888) 840-6003

7.6     The FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant is a "debt collector" which attempted to collect a debt originally owed to a third party.

7.7     The Fair Debt Collection Practices Act (hereinafter "FDCPA") states in pertinent part that debt collector cannot:

A.     "…engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

B.     Falsely represent "..the character, amount, or legal status of a debt…." 15 U.S.C. § 1692e(2).

C.     Communicate or threaten "to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

D.     Use "…any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

E.     Use "…unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

F.      Collect or attempt to collect any amount "...unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

7.8     In this case, SW is attempting to force Plaintiff to pay a debt she does not owe, including credit reporting the account with a Credit Reporting Agency.

7.9     Defendant knows that Plaintiff does not owe this account because Defendant's client, the original creditor, admits that Plaintiff does not owe the account.

7.10    Defendant will not relent and continues credit reporting and debt collection of the erroneous account.

7.11    Defendant's actions were unfair, deceptive, oppressive, outrageous, willful, wanton, unfair, and unconscionable and intentionally designed to injure and damage Plaintiff.

7.12    Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices injured and damaged Plaintiff.

7.13    Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices were a direct and proximate cause of Plaintiff's injuries and damages.

7.14    Defendant's unfair, deceptive, oppressive, outrageous, intentional, willful, wanton, unconscionable and intentional acts and practices illustrate why an injunction is necessary to protect Plaintiff and other Washington consumers from similar harm.

COMPLAINT                                    13

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

## VIII.   FOURTH CAUSE OF ACTION

### (FAIR CREDIT REPORTING ACT VIOLATIONS)

### (SOUTHWEST)

8.1     Plaintiff re-alleges paragraphs I. through VII., inclusive as though fully set forth herein.

8.2     Defendant reported to the Credit Reporting Agencies that Plaintiff owed a debt that Plaintiff does not owe.

8.3     Defendant's reporting is inaccurate and erroneous because Plaintiff has never owed the debt.

8.4     Plaintiff disputed the erroneous account to the Credit Reporting Agencies.

8.5     TransUnion informed Defendant about Plaintiff's dispute.

8.6     The fact that Plaintiff does not owe the account is readily apparent by the fact that Comcast, the original creditor admits that Plaintiff does not owe the account.

8.7     A reasonable reinvestigation in response to Plaintiff's dispute should have included examining the bills that pertain to the account, determining who received and paid the bills, and asking Comcast whether Plaintiff is the correct debtor.

8.8     If Defendant had conducted such a reasonable reinvestigation, Defendant would have learned that the account is a Medicaid Washington account.

8.9     Defendant failed to conduct a reasonable reinvestigation into the status and character of the account in response to Plaintiff's dispute.

8.10    Defendant reaffirmed the erroneous account to the Credit Reporting Agencies.

COMPLAINT                                          14                    Robert Mitchell, Attorney at Law
                                                                        1020 N. Washington
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224     Fax (888) 840-6003

8.11    As a result, the TransUnion continued credit reporting the erroneous account.

8.12    Creditors or furnishers of information to credit reporting agencies do not fulfill their respective duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer credit or account file. *Diprinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

8.13    Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false representations to the consumer credit reporting agencies, among other unlawful conduct.

8.14    As a result of Defendant's conduct, action and inaction Plaintiff suffered injury and damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

8.15    Defendant's conduct, action and inaction were willful, rendering it liable to Plaintiff for punitive damages, pursuant to 15 U.S.C. §1681n.

8.16    In the alternative, Defendant was negligent, entitling Plaintiff to recover damages, pursuant to 15 U.S.C. §1681o.

COMPLAINT                                    15                    Robert Mitchell, Attorney at Law
                                                                  1020 N. Washington
                                                                  Spokane, WA  99201
                                                                  (509) 327-2224      Fax (888) 840-6003

8.17    Plaintiff is entitled to recover costs and attorneys' fees from Defendant, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## IX.    FIFTH CAUSE OF ACTION

### (Federal Fair Credit Reporting Act Violation)

### (15 U.S.C. § 1681i)

### (TransUnion)

9.1    Plaintiff re-alleges sections I. through VIII., inclusive as though fully set forth herein.

9.2    Defendants, TRANSUNION violated 15 U.S.C. § 1681i, by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to mark the disputed account as disputed, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

9.3    As a result of TransUnion's conduct, action, and inaction, Plaintiff suffered damage, and continue to suffer actual damages, including economic loss, damage to reputation and character, emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by a jury.

9.4    TransUnion's conduct, action, and inaction, was willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

9.5    In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

9.6    Plaintiff is entitled to recover costs and attorneys' fees from TransUnion, pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

COMPLAINT                                              16

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

## X.   SIXTH CAUSE OF ACTION

(Federal Fair Credit Reporting Act Violation)

(15 U.S.C. § 1681e(b))

**(TransUnion)**

10.1    Plaintiff re-alleges sections I. through IX., inclusive as though fully set forth herein.

10.2    Defendant, TRANSUION violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant published, maintained, and disseminated concerning Plaintiff.

10.3    As a result of TransUnion's conduct, action, and inaction, Plaintiff suffered damage, and continue to suffer actual damages, including economic loss, damage to reputation and character, emotional distress, and interference with Plaintiffs' normal and usual activities, for which Plaintiffs seek damages in an amount to be determined by a jury.

10.4    Defendant's conduct, action, and inaction, was willful, rendering TransUnion liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

10.5    In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

10.6    Plaintiff is entitled to recover costs and attorneys' fees from TransUnion, pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

COMPLAINT                                    17                 Robert Mitchell, Attorney at Law
                                                               1020 N. Washington
                                                               Spokane, WA  99201
                                                               (509) 327-2224      Fax (888) 840-6003

1

## XI.   PRAYER FOR RELIEF

2

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

3

A.      For an Injunction preventing COMCAST from assigned accounts to collections

4

5

in the name of consumers who do not owe the account(s), pursuant to RCW 19.86.090, and Scott

6

v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337,

7

349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,

8

105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36,

9

544 P.2d 88 (1976);

10

B.      For an Injunction preventing SOUTHWEST from ever again collecting upon any

11

Comcast account, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843,

12

161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973);

13

Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719

14

15

P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

16

C.      For an Injunction preventing COMCAST and SOUTHWEST from ever again

17

collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless,

18

160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d

19

20

1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778,

21

783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88

22

(1976);

23

D.      For an Injunction preventing COMCAST and SOUTHWEST from ever selling,

24

transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless,

25

COMPLAINT                                           18

26

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

1 | 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d

2 | 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778,

3 | 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d 88

4 | (1976);

5 |

6 |      E.     For an Injunction preventing COMCAST and SOUTHWEST from ever

7 | collecting a debt that is not owed, pursuant to RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>,

8 | 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d

9 | 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778,

10 | 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d 88

11 | (1976);

12 |

13 |      F.     For an Injunction preventing SOUTHWEST from ever reporting false

14 | information to the credit reporting agencies, pursuant to RCW 19.86.090, and <u>Scott v. Cingular</u>

15 | <u>Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50,

16 | 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d

17 | 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d

18 | 88 (1976);

19 |

20 |      G.     For an Injunction requiring COMCAST and SOUTHWEST to adopt new,

21 | improved policies and procedures for the prevention of unlawful debt collection, pursuant to

22 | RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007);

23 | <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training</u>

24 |

25 |

26 |

COMPLAINT                  19                 Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

1  Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v.

2  MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

3      H.      For an Injunction preventing the licensee SOUTHWEST, the customer of the

4  licensee (COMCAST), or any other person who may hereafter legally seek to collect on this

5  claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection

6  costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor

7  on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless,

8  160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d

9  1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778,

10  783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88

11  (1976);

12      I.      For Actual and Compensatory damages in an amount to be proven at trial,

13  pursuant to RCW 19.86 et seq., and various common law claims;

14      J.      For treble Plaintiffs' "actual" Consumer Protection Act damages up to the amount

15  of $25,000, pursuant to RCW 19.86, *et seq.;*

16      K.      For Actual and Compensatory damages in an amount to be proven at trial,

17  pursuant to 15 U.S.C. § 1681 *et seq.*, and various common law claims;

18      L.      For Actual and Compensatory damages in an amount to be proven at trial,

19  pursuant to 15 U.S.C. § 1681 *et seq.*, and various common law claims;

20      M.      For Incidental and Consequential damages in an amount to be proven at trial;

21      N.      For Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1681;

COMPLAINT                                     20                    Robert Mitchell, Attorney at Law
                                                                    1020 N. Washington
                                                                    Spokane, WA  99201
                                                                    (509) 327-2224      Fax (888) 840-6003

1      O.     For Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692;

2      P.     For Emotional Distress damages without regard to state law standards for the

3 same, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1681, and 15 U.S.C. § 1692;

4

5      Q.     For Punitive damages in an amount to be proven at trial and determined by a jury,

6 pursuant to 15 U.S.C. § 1681;

7      R.     For costs and reasonable attorney's fees in an amount to be proven at trial

8 pursuant to RCW 19.86, 15 U.S.C. § 1681, and 15 U.S.C. § 1692;

9      S.     For interest on the above amounts as authorized by law;

10     T.     For other relief as the Court deems just and equitable;

11     U.     For leave to amend this complaint as needed and as required; and

12

13     V.     For leave to seek Civil Rule 23(b) status if information becomes available through

14 discovery supporting the need for class action status.

15              **XII.**    **REQUEST FOR TRIAL BY JURY**

16     Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Washington

17 Superior Court Civil Rule 38.

18         Dated this 26th day of July, 2022.

19

20                     Respectfully submitted,

21

22                     *s//Robert W. Mitchell*

23                     ROBERT MITCHELL, WSBA #37444
                         *Attorney for Plaintiff, Harada*

24

25

26 COMPLAINT                   21           Robert Mitchell, Attorney at Law
                                       1020 N. Washington
                                       Spokane, WA  99201
                                       (509) 327-2224    Fax (888) 840-6003